UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE SCHOLZ, as Independent Administrator of the ESTATE of GERALD D. SCHOLZ, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>NORFOLK SOUTHERN RAILWAY CO., a foreign corporation,<br><br>Defendant. | No. 07 C 0378<br><br>Judge David H. Coar<br><br>Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant's Motion to Determine the Sufficiency of Plaintiff's Answers to Defendant's Requests for Admission, or in the alternative, to Compel Compliance with Discovery Orders. For the reasons set forth below, the Court GRANTS Defendant's Motion in part, and DENIES Defendant's Motion in part.

### Background Facts

Gerald Scholz was killed while working for Caliber Auto Transfer of Detroit ("Caliber"). Plaintiff claimed that, while Mr. Scholz was nominally employed by Caliber, he was the dual servant of both Caliber and the Norfolk Southern Railway Co., ("Norfolk"). Plaintiff filed suit against Norfolk in Illinois state court, alleging that Norfolk was liable for Mr. Scholz's death under the Federal Employers' Liability Act ("FELA") 45 USC § 51, et seq. (West 2007).

Norfolk successfully moved to have the case removed to the United States District Court for the Northern District of Illinois, and subsequently argued that Plaintiff fraudulently or frivolously pled that FELA applied, because Norfolk did not exercise the requisite supervision and control over Mr. Scholz to satisfy the dual servant doctrine. Plaintiff moved to remand, and the district court ordered Plaintiff to make its Rule 26 disclosures on or before April 25, 2007[1].

Norfolk then filed its Request for Admission, and Plaintiff subsequently responded on May 8, 2007. Norfolk argued that, because Plaintiff refused to either admit or deny many of the Requests for Admissions, the response was deficient under Federal Rule of Civil Procedure 36. This Court agreed, and carefully counseled Plaintiff to submit an amended response that complied with Rule 36. Plaintiff filed its Amended Response on June 1, 2007. Defendant argues that Plaintiff's Amended Responses are even more vague and evasive than the initial answers.

---

[1] Plaintiff failed to do so, and on May 15, 2007, Defendant moved to strike Counts I through IV of Plaintiff's Complaint or to compel compliance with the Court's discovery orders.

2

## Discussion

Requests for Admission and their accompanying Responses must satisfy Rule 36(a) of the Federal Rules of Civil Procedure. Rule 36(a) provides:

> Each matter of which an admission is requested shall be separately set forth . . . . If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter . . . . An Answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

*See also, Miller v. American Airlines, Inc.*, No. 03 C 7756, 2007 WL 489147, at *11 (N.D. Ill. Feb.6, 2007) (a party cannot claim that it lacks the knowledge to admit or deny without carefully explaining its lack of knowledge). If the Court determines that a party's answer does not comply with Rule 36, the Court may order that the matter is admitted. Fed. R. Civ. P. 36(a); *In re H & R Block Mortgage Corp.*, 2007 WL 325351, at *4-5 (N.D. Ind. Jan. 30, 2007) (plaintiff's response that he had insufficient information to admit or deny violates Rule 36).

Defendant argues that the following Responses to its Request for Admission violate Rule 36: Nos. 3-7, 13-16, 19, 22-26, 28-32[2], 34-41, 44, 46-58.

---

[2] Although Defendant claims that Plaintiff substituted the unqualified admission in her initial Response to Request No. 29 with a qualified admission, Defendant is mistaken; Plaintiff's

3

In its Request for Admission Nos. 3-7, Defendant referenced Loading Agreement No. SC9839 (the "Loading Agreement"), which it attached as Exhibit A, and stated that the document represented the service agreement between Caliber and Norfolk. Plaintiff qualified each of its Responses to Request Nos. 3-7 with the phrase "Assuming that the aforesaid service agreement is a true and accurate copy. . . ." Plaintiff's Responses make no claim that she had investigated the authenticity of the attached Loading Agreement.

Plaintiff's qualified responses do not satisfy Rule 36(a)'s requirement that Plaintiff either admit or deny the Requests, or explain that she is unable to respond due to lack of information despite a reasonable investigation. Perhaps Plaintiff did not claim to have made a reasonable investigation, because in January of 2007, Defendant produced to Plaintiff evidence of the Agreement's authenticity, via the affidavit of Gene Pandlis. In the affidavit, Mr. Pandlis, the Manager of Claims Litigation for Norfolk, averred that Loading Agreement NO. SC9839 is a true and accurate copy of the agreement between Norfolk and Caliber. Because Plaintiff's Response Nos. 3-7 do not conform to Rule 36(a)'s requirements, they are deemed admitted.

In Defendant's Request Nos. 13-15, Defendant asks Plaintiff to admit that, pursuant to Loading Agreement No. SC9839, Caliber

---

Response to Request No. 29 is "Admit."

was neither Norfolk's independent contractor, servant, nor employee. Plaintiff objects to these questions as calling for a legal conclusion under FELA. The Court disagrees; Defendant's Requests clearly ask Plaintiff about Caliber's and Norfolk's relationship as defined by the Loading Agreement- not FELA. The Court deems as admitted Request Nos. 13-15.

Similarly, Defendant's Request Nos. 16 and 19 asks whether Plaintiff was Caliber's employee and servant. The Court does not accept that Plaintiff was unable to discover whether her husband had been employed by Caliber and disagrees that this calls for a legal conclusion[3]. The Court deems this fact admitted.

Plaintiff then claims that, despite reasonable investigation, she was unable to determine whether Caliber had supplied her husband with tools and materials, had control over his sick and vacation days, had the power to terminate and discipline her husband, had the power to direct and control his work and to give him his daily assignments. See Amended Responses to Request Nos. 22-26.

The Court finds that Plaintiff's investigation, which consisted of one abbreviated phone conversation with Caliber

---

[3] While the term "servant" may be considered to be a term of art under FELA, having already determined that Plaintiff admitted that Mr. Scholz was Caliber's employee, he was also necessarily Caliber's servant.

5

employee Anna Zermeno[4], was unreasonable, in light of other highly relevant evidence that was readily available to Plaintiff. This evidence includes the affidavit of Caliber Treasurer and Secretary Jacque Hildebrank, who averred that Caliber hired, paid, and supplied tools and materials to Mr. Scholz, and that Caliber controlled Mr. Scholz's sick and vacation days and overtime. This information is further confirmed by the testimony of Ms. Zermeno in another case handled by Plaintiff's counsel-- and specifically referenced in Plaintiff's Responses to Defendant's Request for Admission- involving Jose Arroyo (*Arroyo v. Norfolk, et al*, Circuit Court of Cook County Case No. 01 L 7315). Given the abundant evidence available to Plaintiff – which would have required only minimal effort to review – the Court rejects Plaintiff's claim that she was unable to verify or refute this information and deems admitted Request Nos. 22-26.

Similarly, the Court agrees that Plaintiff's claim of ignorance despite reasonable investigation is unsupportable with regard to Request Nos. 28 and 30, and deems those Requests admitted. However, Plaintiff's objections to Request Nos. 31 and 32 are valid; both impermissibly ask Plaintiff to admit to ultimate legal issues in this case, *i.e.* whether Mr. Scholz was Norfolk's employee or servant.

---

[4] Ms. Zermeno purportedly refused to discuss Mr. Scholz's case with Plaintiff over the phone.

In Response to Defendant's Request Nos. 34-41, 44, and 46-58, Plaintiff responded that she made a reasonable inquiry into the matters, but was nevertheless unable to admit or deny the statements contained therein. The affidavit of Larry Taylor, a Norfolk employee and the Manager of the area where Mr. Scholz worked, should have provided Plaintiff with a sufficient starting point to investigate. Mr. Taylor's affidavit, which was provided to Plaintiff in January 2007, discussed the nature of Norfolk's relationship with Caliber and directly addressed the statements made in the above referenced Requests. In light of this readily available evidence, the Court finds Plaintiff's claim of ignorance and her Responses unreasonable, and deems admitted Request Nos. 34-41, 44, and 46-58.

### Conclusion

Rule 36(a) requires that parties responding to Requests for Admission make a reasonable inquiry as to third parties, when necessary. *See Hanley v. Como Inn, Inc.*, 2003 WL 1989607, at *2 (N.D. Ill. April 28, 2003). When Plaintiff's initial Responses to Defendant's Request for Admissions were deficient, the Court carefully explained Plaintiff's obligations under the Rule to Plaintiff's counsel, who seemed unfamiliar with Rule 36(a)'s requirements. Having been fully informed, Plaintiff's Amended Responses should have been more compliant. They were not and, for the reasons set forth above, the Court deems as admitted

Request Nos. 3-7, 13-16, 19, 22-26, 28, 30, 34-41, 44, and 46-58. The Court agrees, however, that Request Nos. 31 and 32 impermissibly ask Plaintiff to admit to ultimate legal issues, and permits Plaintiff's objections to those Requests to stand.

Date: June 26, 2007         ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge